**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KARL LINARD MALLOY,**

**Appellant,**

**v.** **Civil Action No. 3:25cv760**

**WILLIAM A. BROSCIOUS,**

**Appellee.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se*[1] Appellant Karl Linard Malloy's appeal[2] from the United States Bankruptcy Court for the Eastern District of Virginia's (the "Bankruptcy Court") order entered September 1, 2025 granting the Chapter 7 Trustee's Motion to Approve Sale of Real Property (the "Sale Order"). (ECF No. 1-1, at 1, 4–14.)[3]

---

[1] Mr. Malloy is an attorney licensed to practice law in the State of New York, the State of Maryland, and the District of Columbia, but he is not a member of the Virginia State Bar. *See In re Karl Linard Malloy*, Case No. 23-33442-KRH, ECF No. 426, at 5 n.4 (Bankr. E.D. Va. Oct. 28, 2024). For the purposes of this appeal, the Court will consider Mr. Malloy a *pro se* litigant.

[2] The instant matter is one of 45 appeals Mr. Malloy has filed with this Court. *See* 3:24-cv-02, 3:24-cv-59, 3:24-cv-170, 3:24-cv-727, 3:24-cv-728, 3:24-cv-729, 3:24-cv-778, 3:24-cv-779, 3:24-cv-785, 3:42-cv-786, 3:24-cv-788, 3:24-cv-790, 3:24-cv-791, 3:24-cv-792, 3:24-cv-793, 3:24-cv-794, 3:24-cv-795, 3:24-cv-796, 3:24-cv-797, 3:24-cv-828, 3:24-cv-832, 3:24-cv-891, 3:25-cv-21, 3:25-cv-104, 3:25-cv-300, 3:25-cv-416, 3:25-cv-417, 3:25-cv-525, 3:25-cv-534, 3:25-cv-760, 3:25-cv-780, 3:25-cv-781, 3:25-cv-834, 3:25-cv-866, 3:26-cv-21, 3:26-cv-22, 3:26-cv-82, 3:26-cv-8; 3:26-cv-494, 3:26-cv-751; 3:26-cv-761; 3:26-cv-762; 3:26-cv-848; 3:26-cv-894; 3:26-cv-972. The Court has ruled on 32 of these appeals, including the instant appeal.

[3] This Court employs the pagination assigned by the CM/ECF docketing system. The Court cites primarily to its own record, "(ECF No. X)." However, given the onslaught of paperwork submitted in support of these nearly entirely frivolous appeals, the Court supplements the record with citations to documents on the underlying Bankruptcy Court docket, Case No. 23-33442-KRH (Bankr. E.D. Va.), "(Bankr. ECF No. X)," and citations to a related adversary

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a)(1).[4] For the reasons articulated below, the Court will affirm the Sale Order and dismiss the appeal.

## I. Legal, Factual, and Procedural Background

### A. Legal Background: The Trustee's Power to Sell and Lease Property of the Estate Under 11 U.S.C. § 363

11 U.S.C. § 363 "describes the rights and powers of the trustee with respect to the use, sale or lease of property of the estate." 3 Collier on Bankruptcy ¶ 363.01 (16th ed. 2026). Three subsections are relevant here. First, § 363(b)(1) provides that a trustee may, with limited exceptions not at issue here, "use, sell, or lease, other than in the ordinary course of business, property of the estate." § 363(b)(1).

Second, § 363(f) permits the trustee to sell property under § 363(b) "free and clear" of an interest in the property where one of five circumstances exist. § 363(f). Relevant to this appeal, § 363(f) permits the trustee to sell property of the estate free and clear of any interest where "such interest is a lien and the price at which such property is to be sold is greater than the

bankruptcy proceeding, *Schelin v. Malloy*, No. 23-03043-KRH (Bankr. E.D. Va.), "(Ad. Pro. ECF No. X)".

[4] 28 U.S.C. § 158(a)(1) provides that "(a) The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees." *Id.* The Sale Order is final and appealable under § 158(a)(1). *See Joseph v. Cooper*, 539 B.R. 489, 497 (W.D.N.C. 2015) (considering on the merits a challenge to a bankruptcy court's order authorizing the sale of property of the estate under 11 U.S.C. § 363); *In re Culp*, 550 B.R. 683, 691 (D. Del. 2015) ("The majority of courts to consider the issue have concluded that an order authorizing the sale of assets of an estate is a final, appealable order.").

aggregate value of all liens on such property," § 363(f)(3) or "such interest is in bona fide dispute," § 363(f)(4).[5]

Third and finally, § 363(m) protects a purchaser or lessee who buys or leases property of the estate from the effects of reversal or modification on appeal of the bankruptcy court's authorization to sell or lease the property as long as two conditions are met: (1) the purchaser acted in "good faith"[6] and (2) the party challenging the sale failed to obtain a stay of the sale. § 363(m). Section 363(m) thereby "creates a rule of 'statutory mootness'": "Where a sale of a bankrupt's assets has not been stayed, an appeal challenging the sale's validity is moot because the court has no remedy that it can fashion even if it would have determined the issues differently." *In re Rare Earth Minerals*, 445 F.3d 359, 363 (4th Cir. 2006) (quotation omitted).

---

[5] In full, § 363(f) provides: The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)(1)–(5).

[6] The Bankruptcy Code does not define "good faith," but the United States Court of Appeals for the Fourth Circuit defines a "good faith purchaser" for purposes of § 363(m) as "one who purchases the assets for value, in good faith, and without notice of adverse claims." *Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985) (quotation omitted) (affirming the bankruptcy court's sale order and good faith finding where the bankruptcy court observed that the debtor's "various bankruptcy petitions had engendered long delay that was prejudicial to the interests of both the creditors and the debtor, and that to sanction further delay to litigate the transferability of the interest, which might prove unsuccessful, would be unthinkable").

**B. Factual Background**

This Court has previously laid out the factual background underlying the instant bankruptcy proceeding (the "Bankruptcy Case"). *See, e.g.*, *Malloy v. Schelin*, No. 3:25-cv-417 (MHL), ECF No. 27, at 2–10 (E.D. Va. Sep. 1, 2026). A significantly truncated background shows that the Bankruptcy Case stems from a dispute between Mr. Malloy and Kristin Schelin and Mark Watson (the "Contract Buyers") over a purchase agreement (the "Agreement") in which Mr. Malloy agreed to convey, and the Contract Buyers agreed to purchase, certain real property (the "Property") in Powhatan County, Virginia. (Ad. Pro. ECF No. 1, at 2.) The Contract Buyers sued Mr. Malloy in Powhatan County Circuit Court seeking, among other things, specific performance of the Agreement. (Ad. Pro. ECF No. 1, at 3.) On the eve of trial in the State Court Litigation, on October 5, 2023, Mr. Malloy filed a voluntary petition under Chapter 13, thereby initiating the Bankruptcy Case and staying the State Court Litigation by operation of U.S.C. § 362.[7] (Bankr. ECF No. 1.) Mr. Malloy then removed the state case to the Bankruptcy Court, (Ad. Pro. ECF No. 1), and on the Contract Buyers' motion, (Ad. Pro. ECF No. 8), the Bankruptcy Court remanded the case to the Powhatan County Circuit Court, (Ad. Pro. ECF No. 16). In October 2024, the Powhatan County Circuit Court entered Final Judgment (the "Final Judgment") in favor of the Contract Buyers and awarded, among other things, specific performance requiring Mr. Malloy to comply with the terms of the Agreement. (Bankr. ECF No. 332-1, at 3.)

After the Powhatan County Circuit Court rendered judgment, the Bankruptcy Court adopted the findings of fact in the Final Judgment, found that the Agreement merged into the

---

[7] When a debtor files a bankruptcy petition, the Bankruptcy Code provides for an automatic stay of all judicial actions against the debtor. *Herlihy v. DBMP, LLC*, 167 F.4th 142, 149 (4th Cir. 2026); *see* 11 U.S.C. § 362(a)(1).

Final Judgment, and concluded that the Agreement was no longer executory and could not be rejected under 11 U.S.C. § 365. (Bankr. ECF No. 481, at 6–8.) Because Mr. Malloy's initial Chapter 13 plan (the "First Plan") provided for rejection of the Agreement, (*see* Bankr. ECF No. 20), the Bankruptcy Court determined that the First Plan was facially unconfirmable but permitted Mr. Malloy to "propose an amended plan that [would] allow him to satisfy the State Court Judgment." (Bankr. ECF No. 481, at 10.)

Mr. Malloy then proposed two amended Chapter 13 plans, (Bankr. ECF Nos. 632, 736), both of which the Bankruptcy Court denied as facially unconfirmable, (Bankr. ECF Nos. 723, 762). Following Mr. Malloy's submission of a third facially unconfirmable plan, and at the request of the Contract Buyers and the Chapter 13 Trustee, the Bankruptcy Court converted the case from one under Chapter 13 of Title 11 of the United States Code to one under Chapter 7 of Title 11 of the United States Code.[8] (Bankr. ECF No. 762, at 6.) In converting the case, the Bankruptcy Court found that Mr. Malloy proceeded in Chapter 13 in bad faith, and that conversion would be in the best interests of his creditors and the estate. (Bankr. ECF No. 762, at 5–6.)

Following conversion, the United States Trustee appointed William Anthony Broscious as the Chapter 7 trustee (the "Trustee" or "Chapter 7 Trustee") for Mr. Malloy's bankruptcy

---

[8] Chapters 13 and 7 serve different functions. Chapter 13, commonly called a wage earner's bankruptcy, "allows a debtor to retain his [or her] property if he [or she] proposes, and gains court confirmation of, a plan to repay his [or her] debts over a three- to five-year period." *Harris v. Viegelahn*, 575 U.S. 510, 514 (2015). In contrast, Chapter 7 provides for "prompt liquidation of the debtor's assets." *Id.* at 513; *see also Janvey v. Romero*, 883 F.3d 406, 411 (4th Cir. 2018) ("Chapter 7 . . . allows debtors to discharge their outstanding debts in exchange for liquidating their nonexempt assets and distributing them to their creditors."). Under Chapter 7, a debtor's assets are "immediately transferred to a bankruptcy estate" controlled by a Chapter 7 trustee, who is charged with selling the property in the estate and distributing the proceeds to the debtor's creditors. *Harris*, 575 U.S. at 514.

estate. (Bankr. ECF No. 768.) On July 16, 2025, the Trustee filed a motion with the Bankruptcy Court pursuant to, *inter alia*, 11 U.S.C. §§ 363(b) and 363(f)(3) and (4), seeking authorization from the Bankruptcy Court to sell the Property to the Contract Buyers or, in the alternative, to employ a realtor to advertise and sell the Property (the "Sale Motion"). (Bankr. ECF No. 837, at 1–2, 5–10; *see also* Bankr. ECF No. 869 (Chapter 7 Trustee's declaration in support of Sale Motion).)

On August 21, 2025, the Bankruptcy Court held a hearing (the "Hearing") on the Sale Motion, (Bankr. ECF No. 873), and on September 1, 2025, the Bankruptcy Court issued the Sale Order approving the Sale Motion, (ECF No. 1-1, at 4–13), which serves as the basis for the instant appeal. Relevant here, the Sale Order:

- Permitted the Trustee to sell the Property to the Contract Buyers free and clear of all liens, claims, and interests pursuant to 11 U.S.C. §§ 363(b) and 363(f)(3) and (4), (ECF No. 1-1, at 6–7);

- Gave the Contract Buyers until October 30, 2025 to purchase the Property (the "Closing Deadline") and provided that, if the Contract Buyers failed to close on the Property by the Closing Deadline, the Trustee and Estate would be "deemed released from the specific performance award, or any damages as a result of not specifically performing" required by the Final Judgment and the Bankruptcy Court's Order adopting the Final Judgment, (ECF No. 1-1, at 7); and,

- Deemed the Contract Buyers "good faith purchasers for purposes of 11 U.S.C. § 363(m)" based on "the extensive record in the [Bankruptcy Case] and the State Court Litigation," (ECF No. 1-1, at 9).

It is undisputed that the Contract Buyers did not close on the Property by the Closing Deadline. (ECF No. 9, at 15; ECF No. 10, at 7.)

### C. <u>Procedural Background</u>

On September 17, 2025, Mr. Malloy appealed to this Court the Bankruptcy Court's Sale Order. (ECF Nos. 1, 1-1.) On December 1, 2025, Mr. Malloy filed his appellate brief. (ECF

No. 9.) On December 30, 2025, the Chapter 7 Trustee filed his appellate brief. (ECF No. 10.) On January 13, 2026, Mr. Malloy replied. (ECF No. 11.)

## II. Standard of Review

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526–27 (E.D. Va. 2010) (citing *Webb v. Reserve Life Ins. (In re Webb)*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). A finding of fact is clearly erroneous if a court reviewing it, considering all of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Educ. Credit Mgmt. Corp. v. Mosko (In re Mosko)*, 515 F.3d 319, 324 (4th Cir. 2008) (quoting *United States Gypsum Co.*, 333 U.S. at 395). "A bankruptcy court abuses its discretion 'when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises.'" *Schultz v. Cheney*, No. 1:25-cv-322 (LMB), 2025 WL 2722657, at *5 (E.D. Va. Sep. 24, 2025) (quoting *United States v. Henry*, 673 F.3d 285, 291 (4th Cir. 2012)).

## III. Analysis

Mr. Malloy argues that the Bankruptcy Court erred in the Sale Order in four ways:

1. In granting the Trustee's Sale Motion under § 363(b) where the Trustee did not satisfy § 363(b)'s requirement that the sale is supported by a "sound business justification," (ECF No. 9, at 23–25);

2. In applying § 363(f) because the "claims" at issue were subject to a "bona fide dispute," (ECF No. 9, at 22);

3. In concluding that the Contract Buyers were good faith purchasers subject to protection under 11 U.S.C. § 363(m), (ECF No. 9, at 25–29); and,

4. In "adopting" in the Sale Order the findings of the Final Judgment, which he purports to be void, (ECF No. 9, at 22–23).

Mr. Malloy also asserts, although not through a challenge to the Bankruptcy Court's Sale Order, that the Contract Buyers' failure to close on the Property by the Closing Deadline "extinguished" their rights and claims under the Agreement, meaning they are now "barr[ed]" from claiming damages or attorneys' fees stemming from a purported breach of that Agreement. (ECF No. 9, at 21–22.) Mr. Malloy moves the Court to reverse the Sale Order and "render judgment declaring that the Contract Buyers' rights to specific performance and damages are extinguished and that the Trustee lacks authority to sell the Property to the Contract Buyers." (ECF No. 9, at 30.) In the alternative, Mr. Malloy "requests that this Court vacate the Sale Order with instructions directing the Bankruptcy Court to enter such relief and disallow all claims asserted by the Contract Buyers." (ECF No. 9, at 30.)

In response, Appellee contends that Mr. Malloy's challenges to the Sale Order are constitutionally moot because the Contract Buyers did not close by the Closing Deadline. (ECF No. 10, at 8–13.)

For the reasons articulated below, the Court finds that the Contract Buyers' failure to close on the Property moots only Mr. Malloy's challenges to the Bankruptcy Court's good faith finding under § 363(m) and its application of § 363(f). The Court dismisses those challenges for lack of jurisdiction. Nevertheless, the Court concludes that Mr. Malloy's remaining claims lack merit. The Court will dismiss the appeal.

### A. Only Mr. Malloy's Challenges to the Bankruptcy Court's Good Faith Finding Under § 363(m) and its Authorization of the Sale Free and Clear of Any Interests Under § 363(f) are Constitutionally Moot

Appellee's sole argument on appeal is that the Contract Buyers' failure to close on the Property renders Mr. Malloy's appeal moot. (ECF No. 10, at 8–13.) More specifically,

Appellees contend that because the Sale Order authorized sale of the Property to the Contract Buyers, and that sale authorization "expired," the Court cannot order effective relief because the Property remains part of the estate and the good faith purchase protection is now "inapplicable." (ECF No. 10, at 8.)

**1. <u>Legal Standard: Constitutional Mootness</u>**

"[C]onstitutional mootness arises from Article III's 'case or controversy' requirement and dictates that federal courts refrain from rendering judgments in expired disputes that would amount to mere advisory opinions." *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005) (citing *In re McLean Square Assocs.*, 200 B.R. 128, 131 (E.D. Va. 1996) and *Hall v. Beals*, 396 U.S. 45, 48 (1969)). Thus, "[w]hen a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quotation omitted). In other words, "'a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Relatedly, "an appeal is moot when an 'affirmance would ostensibly require something to be done which had already taken place,' and a 'reversal would ostensibly avoid an event which had passed beyond recall.'" *In re Carr*, 321 B.R. at 706 (quoting *Brownlow v. Schwartz*, 261 U.S. 216, 217–18 (1923)). If "it is impossible to provide the requested relief, then the case should be dismissed as moot at the threshold." *Id.*

**2. <u>Mr. Malloy's Challenge to the Bankruptcy Court's Good Faith Finding is Constitutionally Moot</u>**

The Court agrees with Appellee that the Contract Buyers' failure to close on the Property by the Closing Deadline renders constitutionally moot Mr. Malloy's challenge to the Bankruptcy Court's good faith finding. Because the Contract Buyers did not purchase the Property by the

Case 3:25-cv-00760-MHL Document 12 Filed 09/25/26 Page 10 of 14 PageID# 1042

Closing Deadline and extinguished their rights to enforce, among other things, their specific performance rights pursuant to the Agreement, the Bankruptcy Court's good faith finding has no remaining legal impact.

Mr. Malloy concedes that Appellee "correctly observes that § 363(m) is inapplicable because no sale was consummated," meaning "there is no transaction whose 'validity' must be protected." (ECF No. 11, at 5.) He argues, however, that because the Contract Buyers' failure to consummate the sale did not trigger § 363(m)'s *statutory* mootness provisions, this Court remains able to afford relief by vacating the good faith finding. (ECF No. 11, at 5–6.)

The Court is not persuaded. It struggles to see how § 363(m)'s *inapplicability* means that the issue is not constitutionally moot. To be sure, the Court agrees that because the sale was never consummated, § 363(m)'s *statutory* mootness provisions have not been invoked. But that does not mean that *constitutional* mootness concerns are eliminated. Beyond generalized allegations concerning the "potential[ly] preclusive and practical consequences," (ECF No. 11, at 6), Mr. Malloy identifies no *legal* impact the good faith finding still carries. The Court sees none. Accordingly, the Court finds that Mr. Malloy's challenge to the Bankruptcy Court's good faith finding under § 363(m) is constitutionally moot.

### 3. Mr. Malloy's Challenge to Bankruptcy Court's Finding Under <u>§ 363(f) is Constitutionally Moot</u>

Mr. Malloy next asserts (without citation to any legal authority) that the Bankruptcy Court "misapplied 11 U.S.C. § 363(f) because the underlying claims were subject to bona fide dispute." (ECF No. 9, at 22.) More specifically, Mr. Malloy contends that because the "underlying state-court judgment was void for lack of jurisdiction," any "claim based upon it [is] subject to a bona fide dispute." (ECF No. 9, at 22.)

Case 3:25-cv-00760-MHL Document 12 Filed 09/25/26 Page 11 of 14 PageID# 1043

The Sale Order provided that the Trustee's sale of the Property to the *Contract Buyers* would be "free and clear of all liens, claims, and interests" pursuant to §§ 363(f)(3) and (f)(4).[9] (ECF No. 1-1, at 6–7.) It included no language authorizing the Trustee to sell the Property under § 363(f) to any other purchaser. Accordingly, because the Sale Order authorized the Trustee to sell the Property under § 363(f) only to the *Contract Buyers*, and the Contract Buyers did not close on the Property before the Closing Deadline, the Sale Order's § 363(f) provision has no remaining legal impact. Mr. Malloy's challenge to the Bankruptcy Court's § 363(f) is therefore constitutionally moot.[10]

---

[9] In contrast, the Sale Order provides generally that the Trustee's Sale Motion "meets the requirements of 11 U.S.C. § 363(b) for a sale of property of the estate outside of the ordinary course of business." (ECF No. 1-1, at 6.) That finding is *not* specific to the Contract Buyers.

[10] Even if it could consider this challenge on the merits, the Court would dismiss it for two reasons.

First, the Court cannot deduce how, precisely, Mr. Malloy asserts the Bankruptcy Court "misapplied" § 363(f). As stated above, § 363(f) provides that a trustee may sell property of the estate under § 363(b) "free and clear" of any interest where one of five statutory bases is satisfied. 11 U.S.C. § 363(f). In the Sale Motion, the Bankruptcy Court approved the sale of the Property free and clear of any interests under two of § 363(f)'s subsections: § 363(f)(3)—providing that where the interest is a lien, the price at which the property is sold must be greater than the aggregate value of all liens on the property—and § 363(f)(4)—providing that the interest must be "in bona fide dispute." (ECF No. 1-1, at 6–7.) On appeal, Mr. Malloy does not identify the specific subsection he argues the Bankruptcy Court "misapplied"—only that the Bankruptcy Court "misapplied" § 363(f).

In the Sale Motion, the Trustee moved to sell the Property free and clear under §§ 363(f)(3) and (f)(4). In his objection to the Sale Motion before the Bankruptcy Court, Mr. Malloy made no argument as to § 363(f)(4). As to § 363(f)(3), Mr. Malloy asserted that section was not satisfied because the Contract Buyers were "withholding additional claims" in order to "preserve eligibility" for a sale. (Bankr. ECF No. 854, at 5.) It does not appear from Mr. Malloy's briefing on appeal that he intends to renew that challenge. To the contrary, it seems that Mr. Malloy *might* have intended to challenge the Bankruptcy Court's application of § 363*(f)(4)*. That provision requires that the interest be "in bona fide dispute"—language that almost identically mirrors Mr. Malloy's contention that the Bankruptcy Court misapplied § 363(f) because the Final Judgment is void and renders "any claim based upon it *subject to a bona fide dispute*." (ECF No. 9, at 22 (emphasis added).) But to the extent that Mr. Malloy

Case 3:25-cv-00760-MHL Document 12 Filed 09/25/26 Page 12 of 14 PageID# 1044

### 4. The Contract Buyers' Failure to Close on the Property by the Closing Deadline Does Not Moot Mr. Malloy's Remaining Claims

The Contract Buyers' failure to close by the Closing Deadline does not moot Mr. Malloy's three other challenges to the Sale Order. Although the Sale Order authorized the Trustee to sell the Property to the Contract Buyers free and clear under §§ 363(b) and (f), (ECF No. 1-1, at 6–7), it does not appear to limit the Trustee's authorization to sell the Property to the Contract Buyers. To the contrary, the Sale Order expressly contemplated, and provided for, the Trustee's power to engage a realtor to list and sell the Property to other buyers in the event the Contract Buyers did not close by the Closing Deadline.[11] (ECF No. 1-1, at 9–10.) That authorization stands. In addition, because the Contract Buyers did not close on the Property, the Sale Order releases the estate from complying with specific provisions of the Final Judgment. (ECF No. 1-1, at 7.) Accordingly, because the Sale Order continues to have legal consequences, Mr. Malloy's remaining challenges to the Sale Order are not constitutionally moot. The Court considers Mr. Malloy's remaining arguments in turn below.

---

argues that the Bankruptcy Court misapplied § 363(f)(4) *because* the *interest* was in bona fide dispute, he would fail. After all, a dispute is *precisely* what § 363(f)(4) requires. Given Mr. Malloy's vague presentation, the Court cannot analyze his challenge on appeal.

Second, even if the Court could deduce the statutory basis for Mr. Malloy's argument, his challenge to the validity of the Final Judgment is improper. *See* Section III.C, *infra*. To the extent that his § 363(f) argument rests on that challenge, it remains constitutionally moot.

[11] For instance, the Sale Order approves the "Trustee's employment of a Realtor (including an auctioneer) to market the Property for sale." (ECF No. 1-1, at 9.) The Sale Order also provides that Mr. Malloy "shall provide the Trustee and Realtor any and all reasonable cooperation and assistance as may be necessary to *advertise, market, and conduct the sale*, including, without limitation, access to the Property." (ECF No. 1-1, at 9 (emphasis added).)

### B. The Court Will Dismiss Mr. Malloy's Challenge to § 363(b) Because He Did Not Raise the Issue Before the Bankruptcy Court

Mr. Malloy first argues that the Bankruptcy Court erred in granting the Sale Order under § 363(b) because the sale lacked a "sound business justification." (ECF No. 9, at 23–25.) Mr. Malloy did not raise this argument before the Bankruptcy Court. (*See generally* Bankr. ECF No. 854 (Mr. Malloy's objection to the Sale Motion), *and* Bankr. ECF No. 873 (Hearing Transcript).) Accordingly, the Court to declines to consider the issue for the first time on appeal. *United Rentals, Inc. v. Angell*, 592 F.3d 525, 531 n.2 (4th Cir. 2010).

### C. The Court Will Dismiss Mr. Malloy's Challenge to the Validity of the Final Judgment

Second, Mr. Malloy argues that the Bankruptcy Court erred in "adopting" in the Sale Order the findings of the Final Judgment, which he purports to be void. (ECF No. 9, at 22–23.) Specifically, Mr. Malloy argues that the Bankruptcy Court did not submit a certified copy of the remand order to the state court in violation of 28 U.S.C. § 1447(c) (providing that a "certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court"), thereby depriving the Powhatan County Circuit Court of jurisdiction to enter the Final Judgment. (ECF No. 9, at 22–23.)

Mr. Malloy has already unsuccessfully challenged the validity of the Final Judgment on the same grounds before the Bankruptcy Court and this Court. *See Malloy v. Schelin*, No. 3:25-cv-300 (MHL), 2026 WL 825334, at *6 & n.9 (E.D. Va. Mar. 25, 2026) (explaining that Mr. Malloy "has already raised this issue before the Bankruptcy Court several times, and the

Bankruptcy Court cogently disposed of it").[12] He cannot continue to relitigate this argument, which has been firmly foreclosed by the Bankruptcy Court, and which this Court now expressly rejects. Accordingly, the Court finds no error by the Bankruptcy Court in "adopting" the findings of the Final Judgment in the Sale Order.

### D. The Court Will Not Consider Mr. Malloy's Challenge to the Contract Buyers' Ability to Recover Under the Agreement

Third and finally, Mr. Malloy argues that in failing to purchase the property by the Closing Deadline, the Contract Buyers "extinguished their specific performance rights, their damages claim, and any claim to equitable relief" stemming from the Final Judgment. (ECF No. 9, at 21–22, 28–29.) The impact, if any, of the Contract Buyers' failure to close on their right to recover under the terms of the Final Judgment is for the Bankruptcy Court to decide in the first instance. The Court takes no position on this issue.

## IV. Conclusion

For the reasons articulated above, the Court will affirm the Bankruptcy Court's Sale Order and dismiss Mr. Malloy's appeal.

An appropriate Final Order shall issue.

Date: 9/25/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

[12] Indeed, as the Bankruptcy Court has explained to Mr. Malloy, the Bankruptcy Court remanded the Bankruptcy Case under 28 U.S.C. § 1452, which governs the "removal of claims related to bankruptcy cases," *not* pursuant to 28 U.S.C. § 1447. (*See* Bankr. ECF No. 727, at 16:8–17:25; Ad. Pro. Bankr. ECF No. 16, at 9 (remanding the Bankruptcy Case to state court under § 1452).) While § 1447 requires the clerk to mail "[a] certified copy of the order of remand . . . to the clerk of the State court," § 1447(c), § 1452 does not include such a requirement.